**Opinion filed September 17, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00263-CR

_____

## JEREMIE RANDALL PRICE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 10588**

### M E M O R A N D U M   O P I N I O N

The grand jury indicted Jeremie Randall Price for possession of a controlled substance, psilocin, in an amount of one gram or more but less than four grams. The indictment also contained two enhancement paragraphs. The jury found Appellant guilty of the offense, found true to both enhancement paragraphs, and assessed Appellant's punishment at confinement for twenty-five years and no fine. The trial court sentenced him accordingly. We modify and affirm.

Appellant presents two issues on appeal. In his first issue on appeal, Appellant argues that the trial court erred when it denied his request for a jury instruction on a lesser included offense. In his second issue on appeal, Appellant claims that the trial court erred when it assessed court-appointed attorney's fees against him because he had been found to be indigent and nothing was presented to show that his status had changed.

On the morning of Appellant's arrest, Officer Bailey Latham of the Snyder Police Department was "doing warrant services." She went to the last known address of Charles Cobb to attempt to execute a warrant for his arrest. When she knocked on the door, a man came to the door. Officer Latham asked the man whether Cobb lived there. The man said that Cobb had moved out three months before. Officer Latham asked the man for his identification so that she could be sure that he was not, in fact, Cobb. As he was giving Officer Latham his identification, Appellant asked if he could go to the bathroom. Officer Latham told him to wait until she ran his identification information through dispatch; he complied.

Dispatch reported that there was an outstanding arrest warrant for Appellant in connection with his failure to pay court costs. Officer Latham told Appellant that he would be placed in custody on the warrant. As Officer Latham placed Appellant in custody, he asked her again if he could go to the bathroom, and she told him that he could go when he arrived at the jail.

After Officer Latham arrested Appellant, she asked him, "Do you have anything on you that's going to stick, poke, harm me, blow me up, any type of narcotics, anything like that?" Appellant told her that he had a "shroom" in his left front pocket. Officer Latham checked Appellant's left front pocket and found a "crushed substance" wrapped in cellophane; the substance appeared to be consistent with that of a mushroom.

When Officer Latham arrived at the jail, she weighed the substance in its cellophane packaging. The substance and the packaging weighed, together, approximately 1.5 grams. Officer Latham heat-sealed the substance and its cellophane packaging and sent it to the Texas Department of Public Safety Laboratory in Abilene for analysis.

William L. Todsen, a forensic scientist with the Texas Department of Public Safety Crime Laboratory, received the package. Todsen testified that, to determine the weight of the substance, he first weighed the substance in its packaging to find the "gross weight," which was 4.205 grams. He then removed the substance and weighed only the packaging to find the "tare weight," which was 2.981 grams. Todsen subtracted the tare weight from the gross weight to get the "net weight" of the substance. The net weight of the substance was approximately 1.22 grams. After he determined the net weight of the substance, Todsen took a sample of the substance, approximately 0.349 grams, and tested it. He found that the substance contained psilocin, a controlled substance.

After the close of the evidence, Appellant's counsel requested a jury instruction on the lesser included offense of possession of a controlled substance in an amount less than one gram. The trial court denied the request.

Before a jury instruction on a lesser included offense is warranted, the defendant must satisfy a two-pronged test. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). First, the purported lesser included offense "must be included within the proof necessary to establish the offense charged." *Id.* And, secondly, there must be some evidence in the record that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser included offense. *Id.*

Because there is no dispute that the first prong of the test was satisfied, we focus our discussion on the second prong. There must be evidence in the record that

is "directly germane" to the lesser included offense before an instruction is warranted. *Wortham v. State*, 412 S.W.3d 552, 557 (Tex. Crim. App. 2013) (quoting *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011)). While anything more than a scintilla of evidence is sufficient, "such evidence cannot be mere speculation—it must consist of affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense." *Id.* at 558. The evidence must be such that it establishes the lesser included offense as a "valid rational alternative to the charged offense." *Segundo v. State*, 270 S.W.3d 79, 91 (Tex. Crim. App. 2008).

Appellant claims that the evidence presented at trial warranted a jury instruction on the lesser included offense of possession of a controlled substance in an amount of less than one gram. In particular, he asserts that Officer Latham's testimony that the weight of the substance in its packaging was 1.5 grams seemingly conflicts with Todsen's testimony that the gross weight of the substance in its packaging was 4.205 grams. Appellant also relies upon the following line of questioning between the State and Todsen:

> Q. And explain to us, again, what gross weight is.
>
> A. The gross weight in this case was 4.205 grams.
>
> Q. And that's the -- that's going to be the heat sealed [sic] package, the smaller cellophane package that's inside, and the mushroom substance; all three of those items together?
>
> A. I believe it was just the cellophane packaging and the mushroom.
>
> Q. Okay. Could you be mistaken about that?
>
> A. It's possible.
>
> Q. Okay.
>
> A. I didn't write it down specifically.

Appellant asserts that these facts constitute "evidence of possible error in the Lab's determination of *net weight*" and, thus, warranted a lesser-included-offense jury instruction. We disagree. Neither of these facts constitutes evidence that affirmatively raises the lesser included offense and negates an element of the charged offense. Indeed, these facts do not suggest, and neither does the record reflect, that there is any evidence that Appellant possessed psilocin in an amount of less than one gram at the time of his arrest. Thus, the second prong was not satisfied, and the trial court did not err when it rejected the request for a lesser-included-offense jury instruction. We overrule Appellant's first issue on appeal.

Next, Appellant argues that the trial court erred when it assessed court-appointed attorney's fees against him because he had previously been determined to be indigent and nothing was presented to the trial court to indicate a change in that status.

When a trial court has found that a defendant is indigent, he is presumed to remain indigent for the remainder of the proceedings unless there has been a material change in the defendant's financial circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2019). Except upon evidence that there has been a material change since the indigency finding and that an appellant is no longer indigent, the trial court should not assess court-appointed attorney's fees against an appellant. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013). There is no suggestion in this record that the trial court found any material change in Appellant's financial circumstances. Thus, we sustain Appellant's second issue on appeal.

We modify the trial court's judgment to delete the assessment of court-appointed attorney's fees, and as modified, we affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


September 17, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.